```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES FOR USE OF TARMAC
AMERICA, LLC,

      Plaintiff,
v.                               Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS, LLC, ET
AL.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Tarmac America, LLC's Motion for Summary Final Judgment against Defendants Pro Way Paving Systems, LLC, Robert Vollmer, and Ullico Casualty Company (Doc. # 38), filed on October 4, 2012. Pro Way and Vollmer filed a response in opposition to the motion on November 5, 2012. (Doc. # 41). After obtaining leave of Court (Doc. # 43), Tarmac filed a reply to the response on November 26, 2012 (Doc. # 44). For the reasons that follow, the Court grants Tarmac's motion for summary judgment, but declines to certify the judgment as final pursuant to Federal Rule of Civil Procedure 54(b).

I.     **Background**

In September of 2010, R.A. Connelly, Inc.[1] contracted with the Department of the Air Force 6th Mobility Wing for multiple construction projects at MacDill Air Force Base. (Doc. # 35-1). Connelly obtained two payment bonds from Ullico Casualty Company on September 23, 2010. (Doc. ## 33-1, 35-3). Pro Way, Vollmer, and Tarmac allege that the bonds were executed pursuant to 40 U.S.C. § 3131, known as the Miller Act. (Doc. ## 33 at 2, 36 at 7-8). Connelly subcontracted with Pro Way for a portion of the work at the base. (Doc. # 35-2). Pro Way, in turn, contracted with Tarmac, a concrete materials supplier, to supply materials to Pro Way for use on the MacDill projects. (Doc. # 33-2, 33-3, 33-4). Vollmer, Pro Way's manager (Vollmer Aff. Doc. # 41-1 at ¶ 1), signed the credit agreement between Tarmac and Pro Way (Doc. # 33-2). Tarmac alleges that in so doing he guaranteed Pro Way's payment obligation to Tarmac. (Doc. # 33 at ¶ 14). Pro Way and Vollmer appear to agree with

---

[1] The Court granted Connelly's Unopposed Motion to Intervene as Plaintiff on December 11, 2012. (Doc. # 48). Connelly filed his intervener's complaint against Pro Way on December 11, 2012 (Doc. # 49), and Pro Way answered the intervener complaint on December 24, 2012 (Doc. # 52). Connelly is not a party to this motion for summary judgment.

2

Tarmac on this issue. (Doc. # 41 at 4). It is undisputed that Tarmac delivered materials to the MacDill projects (Doc. ## 33 at ¶ 17, 33-3, 41 at ¶ 5, Vollmer Aff. Doc. # 41-1 at ¶ 3) and timely invoiced Pro Way for those materials (Doc. # 33-4). Pro Way admits that $7,881.72 is due and owing from Pro Way to Tarmac. (Vollmer Aff. Doc. # 41-1 at ¶ 4; Doc. # 41 at 3).

Tarmac initiated this action against Pro Way, Vollmer, and Ullico on April 20, 2012 (Doc. # 1), and filed an amended complaint against the same on August 15, 2012 (Doc. # 33). The amended complaint alleged five counts: Count I was brought against Ullico; Counts II, IV, and V were stated against Pro Way; and Count III alleged a claim against Vollmer. (Doc. # 33). Tarmac filed this motion for summary judgment on October 4, 2012. (Doc. # 38). Although Ullico was originally named as a defendant in the amended complaint (Doc. # 33), and it was a defendant when the motion for summary judgment was filed (Doc. # 38), on December 5, 2012, Tarmac filed a notice of voluntary dismissal with prejudice of its claim against Ullico pursuant to Rule 41(a), Fed. R. Civ. P. (Doc. # 45). Thus, although Pro Way has filed a cross-claim against Ullico

(Doc. # 36), Ullico is no longer a defendant as to Tarmac's motion for summary judgment, and Count I of the amended complaint is no longer before the Court. All of Tarmac's remaining counts are addressed below.

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on

4

file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**III. Analysis**

**A. <u>Counts II and III</u>**

Tarmac's amended complaint alleges an action for breach of contract against Pro Way in Count II and an action for breach of guaranty against Vollmer in Count III. (Doc. # 33). Pro way and Vollmer concede that "there are no issues of material fact as to Counts II and III," and as such, "neither Pro Way nor Vollmer opposes Tarmac's motion for summary judgment." (Doc. # 41 at 1). However, Pro Way and Vollmer, "request that the order granting summary judgment not be designated as final pursuant to Fed. R. Civ. P. 54(b), pending the resolution of both Pro Way's and Tarmac's claims against Ullico." <u>Id.</u>

Rule 54(b) reads:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

6

The Court must make two determinations to decide whether a judgment may properly be certified as final under Rule 54(b). "First, the court must determine that its final judgment is, in fact, both final and a judgment. That is, the court's decision must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a judgment in the sense that it is a decision upon a cognizable claim for relief." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007) (internal citations and quotations omitted).

Second, the Court must determine there is "'no just reason for delay' in certifying [the judgment] as final and immediately appealable." Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). However, "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp., 446 U.S. at 8. As such, "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple

claims action is ready for appeal." Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

However, this judicial "discretion is to be exercised in the interest of sound judicial administration," Lloyd Noland Found., Inc., 483 F.3d at 777, and "requires the district court to balance judicial administrative interests and relevant equitable concerns." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) (citing Curtiss-Wright Corp., 446 U.S. at 8). "Consideration of the former factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." Id. at 166. Consideration of the latter factor "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id.

Furthermore, "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" Id. (quoting

8

Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)). "Recognizing that such circumstances will be encountered only rarely," the Eleventh Circuit has "counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively." Id. (citing Southeast Banking Corp. v. Bassett, 69 F.3d 1539, 1550 (11th Cir. 1995)).

As to the first determination required to make a Rule 54(b) certification, it is not disputed that, if granted, an order for summary final judgment would be the ultimate disposition of Tarmac's individual, cognizable claims for relief against Pro Way and Vollmer. As to the second determination, Tarmac argues there is no just reason for delay because granting summary final judgment would promote judicial economy by resolving all of Tarmac's claims in this case. (Doc. # 44 at 6-7). Conversely, Pro Way and Vollmer argue that the stated purpose of the Miller Act provides a just reason to delay entering a final judgment while cross-claims and intervener's claims are still pending. (Doc. # 41 at 4-5).

"[F]ederally owned property is exempt from liens that normally protect laborers and suppliers from non-payment."

U.S. *ex rel.* Capital Computer Grp., LLC v. Gray Ins. Co., 453 F. App'x 905, 906 (11th Cir. 2011). Accordingly, "the Miller Act was enacted to provide a substitute remedy." Id. (citing United States v. Munsey Trust Co. of Wash., D.C., 332 U.S. 234, 241 (1947) ("[A]s a substitute for that more customary protection, the various statutes were passed which require that a surety guarantee their payment. Of these, the last and the one now in force is the Miller Act under which the bonds here were drawn.")). To that end, the Miller Act requires contractors to post bond to ensure payment of persons supplying labor or materials on any government construction contract exceeding $100,000.00. 40 U.S.C. § 3131(b)(2). "The purpose of a Miller Act payment bond is to protect subcontractors and suppliers who provide labor and material for a federal project . . . . To effectuate this congressional intent, the Miller Act is to be liberally construed and applied." U.S. *ex rel.* Pertun Const. Co. v. Harvesters Grp., Inc., 918 F.2d 915, 917 (11th Cir. 1990).

Pro Way (and Vollmer as Pro Way's manager and guarantor) is a subcontractor who provided labor and material for a federal project. (Doc. # 35-2). Through its

10

contract with Pro Way, Tarmac is a supplier who provided labor and materials for a federal project. (Doc. ## 33 at ¶ 16, 33-2, 33-3, 36 at ¶ 16). As such, to the extent that the projects are subject to the Miller Act, both Pro Way (including Vollmer) and Tarmac are equally entitled to the protections afforded by the Miller Act. The Court balances such equitable concerns with judicial administrative interests when determining if there is just reason to delay a Rule 54(b) certification. Ebrahimi, 114 F.3d at 165-66. The Court notes that the Miller Act protections in question are necessarily related to pending cross-claims and intervener's claims involving Connelly as contractor and Ullico as surety. (Doc. ## 36, 49).

The "limited discretion afforded by Rule 54(b)" should be exercised "conservatively," Id. at 165-66, and the Court declines to exercise it now. The Court grants Tarmac's motion for summary judgment as to Counts II and III, but without reaching the question of whether Tarmac's claims against Pro Way and Vollmer *could* be separated from the remaining claims and certified as final judgments, the Court finds that both relevant equitable concerns and

11

judicial administrative interests provide just reason to delay certifying the summary judgment as final.

### B. Counts IV and V

Tarmac's amended complaint alleges an account stated cause of action against Pro Way in Count IV and an open account cause of action against Pro Way in Count V. (Doc. # 33). In support of these counts, Tarmac submitted eight invoices with its amended complaint (Doc. # 33-4), and seven invoices with its motion for summary judgment (Doc. # 38-3). Although Tarmac has consistently alleged a balance due and owing of $7,995.95 (Doc. ## 33 at 7, 38 at 11), it is the eighth invoice – invoice number 154547 for $422.65 – "for a different project that has in fact been paid" that forms the basis of Pro Way's opposition to Tarmac's motion for summary judgment as to Counts IV and V. (Doc. # 41 at 5, 7).

Both parties agree that the amount of the invoice in question is not included in Tarmac's representation of the balance due and owing. (Doc. ## 33 at ¶ 21, 41 at 6). Nonetheless, Pro Way claims that the inclusion of the eighth invoice in Tarmac's "billing statement" and other filed documents, as well as Tarmac's failure to explain

12

the difference between the total listed in the billing summary and the alleged balance owed, constitute a genuine issue of material fact, and thus summary judgment is prohibited. (Doc. # 41 at 5-8). The Court disagrees.

The Court's own calculations show that when all eight invoices *and* all seven finance charges are added together, they equal $8,422.60. (Doc. # 38-3 at 2). When the amount of the objected-to eighth invoice ($422.65) is subtracted from the total of $8,422.60, the resulting amount is $7,999.95.[2] (Doc. ## 33 at 7, 38-3 at 2). The amount agreed to by Pro Way – $7,881.12 – is the sum of the seven uncontested invoices *without* the seven finance charges. (Id.). Neither party includes the $422.65 from invoice number 154547 in the total; therefore, the Court finds that its inclusion in the filed materials does not constitute a genuine issue of material fact. Accordingly, the Court grants Tarmac's motion for summary judgment as to Counts IV and V.

---

[2] The Court notes that while Tarmac alleges in its amended complaint that $7,999.95 is due and owing, it also lists $7,995.95 as "the total value of the unpaid work furnished and invoiced by Tarmac on the Project" (Doc. # 33 at 4, 7). In its motion for summary judgment, Tarmac appears to adopt the $7,995.95 figure as the requested judgment amount. (Doc. # 38 at 11). Neither party provides an explanation for this $4.00 difference.

13

Although Pro Way does not fully explain why the finance charges should not be included in the judgment amount, Tarmac has requested that the Court enter a summary judgment against Pro Way and Vollmer "in the undisputed amount of $7,881.72, plus costs and prejudgment interest for Counts II, III, IV, and V, and for an award of attorneys' fees for Counts II and III . . . ." (Doc. # 44 at 8). The Court reserves judgment concerning costs, prejudgment interest, and attorneys' fees until after motions addressing those items have been filed. However, the Court has not been supplied with a reason to second guess a judgment amount agreed to by the parties. Accordingly, the Court grants Tarmac's motion for summary judgment in the undisputed amount of $7,881.72 for Counts II through V.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Tarmac America, LLC's Motion for Summary Final Judgment (Doc. # 38) is **GRANTED** in the undisputed amount of $7,881.72, but the Court declines to certify the judgment as final pursuant to Federal Rule of Civil Procedure 54(b).

(2) Plaintiff Tarmac America, LLC may file motions regarding costs, prejudgment interest, and/or attorneys' fees within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

15