```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES FOR USE OF TARMAC
AMERICA, LLC,

      Plaintiff,
v.                                    Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS, LLC, ET
AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Tarmac America, LLC's Motion for Attorney's Fees and Costs (Doc. # 55), filed on February 1, 2013. Tarmac seeks an award of $27,089.22 in attorneys' fees and costs as provided for by the terms of the parties' credit agreement. (Doc. # 1-1 at 5). For the reasons that follow, the Court grants the motion.

**I.   Background and Procedural History**

Tarmac initiated this action against Pro Way, Vollmer, and Ullico Casualty Company on April 20, 2012 (Doc. # 1), and filed an amended complaint against the same on August 15, 2012 (Doc. # 33). In Counts II and III of its amended complaint, Tarmac alleged breach of contract against Pro Way and breach of guaranty against Vollmer, respectively.

(Doc. # 33 at 5, 6). Both counts demanded "judgment . . . for compensatory damages, plus interest, court costs, attorneys' fees, and any further relief this Court deems proper." (Id.). Additionally, Tarmac alleged an account stated cause of action against Pro Way in Count IV and an open account cause of action against Pro Way in Count V. (Id. at 6, 7). In those counts, Tarmac sought judgment "for compensatory damages, plus interest, costs, and any further relief this Court deems proper." (Id. at 7). Accordingly, Tarmac has preserved its claims for costs and attorneys' fees by appropriate pleading as outlined in Federal Rule of Civil Procedure 54 and Local Rule 4.18.

Tarmac filed a motion for summary final judgment on October 4, 2012 (Doc. # 38), and on December 5, 2012, Tarmac filed a notice of voluntary dismissal with prejudice of its claims against Ullico (Doc. # 45). After the dismissal, Ullico paid Tarmac $2,618.28 in attorneys' fees and costs. (Taylor Aff. Doc. # 56 at ¶ 7). On January 18, 2013, the Court granted Tarmac's motion for summary judgment as to the remaining claims and further held that Tarmac was permitted to file motions regarding costs, prejudgment interest, and/or attorneys' fees within

2

fourteen days of the Order. (Doc. # 54). Tarmac timely filed the instant motion for attorneys' fees and costs on February 1, 2013. (Doc. # 55). Neither Pro Way nor Vollmer has filed a response in opposition to the motion, and the time for such responses has passed. Accordingly, the Court considers the motion as unopposed.

## II. Analysis

Upon review of the motion for attorneys' fees and costs, and of the affidavits filed in support thereof, the Court determines that the fees and costs requested are reasonable under the circumstances of this case. The Court has conducted its lodestar analysis under <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988).

Tarmac alleges that attorneys and paralegals from Sivyer Barlow & Watson, P.A., expended a total of 153.3 hours on this case. (Taylor Aff. Doc. ## 56 at ¶ 5, 56-1). In light of the complexity of the case and the result counsel obtained for the client, the Court finds that the number of hours for which fees are requested is reasonable.

The Court also approves the hourly rates charged. Neal A. Sivyer, Esq., is a partner at the law firm of

3

Sivyer Barlow & Watson, P.A. (Doc. # 55 at 5). He has represented Tarmac for four years and has been representing other material suppliers for approximately twenty-nine years (Doc. # 55 at 5; Taylor Aff. Doc. # 56 at ¶ 4). The Court finds his hourly rate of $285.00 a reasonable and fair rate consistent with the prevailing market rates for the Middle District of Florida.

The Court also approves the $205.00 hourly rate of Jacqueline A. Taylor, Esq., an attorney at Sivyer Barlow & Watson, licensed to practice law in the State of Florida for seven years. (Taylor Aff. Doc. # 56 at ¶ 2). Ms. Taylor has practiced in the area of complex, commercial litigation for much of her career and has represented Tarmac for the last three years. (Id. at ¶ 3, 4). Furthermore, the Court approves the $110.00 hourly rate of Ms. Dee Dyer, the paralegal that worked on this case at Sivyer Barlow & Watson. The Court finds that the time expended by the aforementioned legal professionals was necessary to perform the work in prosecuting this case and that the time and fees charged are reasonable and appropriate. The filed declaration of Mr. Robert R. Warchola (Doc. # 57) further supports the Court's finding.

The Court also approves as consistent with 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure the $1,249.50 in costs sought by Tarmac.

Tarmac acknowledges that it has already received $2,618.28 in attorneys' fees and costs from Ullico Casualty Company, and that Pro Way and Vollmer are entitled to a set-off reflecting that payment. (Doc. # 55 at 4-5). When the Ullico payment of $2,618.28 is subtracted from the sum of $28,458.00 (listed attorneys' fees) and $1,249.50 (requested costs), the total amount of costs and fees to be awarded is $27,089.22.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Tarmac America, LLC's Motion for Attorneys' Fees and Costs (Doc. # 55) is **GRANTED** in the amount of $27,089.22.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2013.

                                              *Virginia M. Hernandez Covington*
                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record