UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FOR USE OF TARMAC
AMERICA, LLC,

    Plaintiff,

v.                                    Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS,
LLC, ET AL.,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant Pro Way Paving Systems, LLC and Robert Vollmer's Amended Motion to Modify Order Granting Plaintiff's Motion for Attorney's Fees and Costs (Doc. # 62), filed on March 12, 2013. Plaintiff Tarmac America, LLC filed its response in opposition to the Motion on April 1, 2013. (Doc. # 68). On April 3, 2013, the Court granted Pro Way and Vollmer's Motion to Modify, "only to the extent that [the Court] will consider Pro Way and Vollmer's belated objection to Tarmac's petition for attorneys' fees and costs." (Doc. # 69). After obtaining leave of Court, Tarmac filed its reply (Doc. # 71) to Pro Way and Vollmer's objection on April 22, 2013. For the reasons that follow, the Court denies Pro Way

and Vollmer's Amended Motion to Modify Order Granting Plaintiff's Motion for Attorney's Fees and Costs.

I. **Background and Procedural History**

Tarmac initiated this action against Pro Way, Vollmer, and Ullico Casualty Company on April 20, 2012 (Doc. # 1), and filed an amended complaint against the same on August 15, 2012 (Doc. # 33). In Counts II and III of its amended complaint, Tarmac alleged breach of contract against Pro Way and breach of guaranty against Vollmer, respectively. (Doc. # 33 at 5, 6). Both counts demanded "judgment . . . for compensatory damages, plus interest, court costs, attorneys' fees, and any further relief this Court deems proper." (Id.). Additionally, Tarmac alleged an account stated cause of action against Pro Way in Count IV and an open account cause of action against Pro Way in Count V. (Id. at 6, 7). In those counts, Tarmac sought judgment "for compensatory damages, plus interest, costs, and any further relief this Court deems proper." (Id. at 7). Accordingly, Tarmac preserved its claims for costs and attorneys' fees by appropriate pleading as outlined in Federal Rule of Civil Procedure 54 and Local Rule 4.18.

Tarmac filed a Motion for Summary Final Judgment on October 4, 2012 (Doc. # 38), and on December 5, 2012,

2

Tarmac filed a notice of voluntary dismissal with prejudice of its claims against Ullico (Doc. # 45). On January 18, 2013, the Court granted Tarmac's Motion for Summary Judgment as to the remaining claims and further held that Tarmac was permitted to file motions regarding costs, prejudgment interest, and/or attorneys' fees within fourteen days of the Order. (Doc. # 54). Tarmac timely filed its Motion for Attorneys' Fees and Costs on February 1, 2013. (Doc. # 55). Neither Pro Way nor Vollmer filed a response in opposition to the Motion. On March 4, 2013, well after the time to file a response in opposition had lapsed,[1] the Court issued an Order considering the Motion for Attorneys' Fees and Costs as unopposed and granting the Motion in the amount of $27,089.22.[2]

Pro Way and Vollmer filed their Amended Motion to Modify Order Granting Plaintiff's Motion for Fees on March

---

[1]  Middle District of Florida Local Rule 3.01(b) states: "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages."

[2]  The award amount reflects a set-off arising from a payment by Ullico of attorneys' fees and costs in the amount of $2,618.28. (Doc. # 59 at 5; Taylor Aff. Doc. # 56 at ¶ 7).

3

12, 2013.[3] (Doc. # 62). The Amended Motion to Modify Order provided the Court with no reason for Pro Way and Vollmer's failure to file a timely response in opposition to Tarmac's Motion for Attorneys' Fees and Costs. (Id.). Furthermore, despite the title "Motion to Modify Order Granting Plaintiff's Motion for Fees," the Motion does not indicate an applicable Federal Rule of Civil Procedure, and the body of the filed document contains two subheadings reading "Motion for Rehearing or For Suspension of Local Rules" and "Objection to Tarmac's Fees." (Id. at 2, 3). It appears that the Motion to Modify is, in actuality, a Rule 59(e) Motion for Reconsideration with no memorandum of legal authority – although a legal memorandum in support of the Motion is required by Middle District of Florida Local Rule 3.01(a) – and a response in opposition to Tarmac's Motion for Attorneys' Fees and Costs, filed almost a month after it was due and without leave of Court.

Nevertheless, in an abundance of caution, on April 3, 2013, the Court issued an Order permitting Pro Way and

---

[3] Pro Way and Vollmer's initial Motion to Modify Order Granting Plaintiff's Motion for Fees and Costs (Doc. # 60) was filed on March 6, 2013, and denied on March 7, 2013, for failure to comply with Local Rule 3.01(g). (Doc. # 61).

Vollmer an opportunity to file their objections to Tarmac's Motion for Attorney's Fees and Costs:

> Pro Way and Vollmer seek the opportunity to file their belated response to the Motion for Attorneys' Fees and Costs and have submitted what they term a "Summary of Objection to Tarmac's Fees" as a part of the Motion to Modify Order Granting Tarmac's Motion. . . . [T]he Court determines that it is appropriate to consider Pro Way and Vollmer's submission. The Court grants the Motion [62] only to the extent that it will consider Pro Way and Vollmer's belated objection to Tarmac's petition for attorneys' fees and costs. If Pro Way and Vollmer wish the Court to consider any information in addition to that contained in the "Summary of Objection to Tarmac's Fees" portion of the Motion to Modify Order Granting Tarmac's Motion, they are directed to file the additional information with the Court on or before April 8, 2013. In the interests of fairness, the Court grants Tarmac the opportunity to file a reply to Pro Way and Vollmer's submission on or before April 22, 2013.

(Doc. # 69) (internal citations omitted).

Pro Way and Vollmer filed no additional information with the Court. On April 22, 2013, Tarmac filed its reply to Pro Way and Vollmer's objections. (Doc. # 71).

## II. **Legal Standard**

"The decision to alter or amend a judgment is committed to the sound discretion of the district court." Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006) (citing Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998)); see also Lussier v. Dugger, 904 F.2d 661, 667

5

(11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." Lussier, 904 F.2d at 667.

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., 12 F. Supp. 2d at 1308; see also Jacobs v. Tempur-Pedic Int'l,

6

Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Further, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-CV-2378-T-17MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005). "[A] motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation omitted).

## III. Analysis

Pro Way and Vollmer have failed to show that an intervening change in controlling law has occurred since the Court's decision or that new evidence has become available. Furthermore, the Court is not persuaded that Pro Way and Vollmer's objections demonstrate that reconsideration or modification is mandated to correct a clear error or to prevent manifest injustice.

Pro Way and Vollmer argue that while they "do not contest the entitlement of Tarmac to the recovery of reasonable attorney[s'] fees and costs incurred in Tarmac's pursuit of its claims against" Pro Way and Vollmer, they do "object to the taxation of all of Tarmac's fees and costs for those claims that were entirely distinct and separate

7

from Tarmac's claims against them, particularly since the other claim against co-defendant Ullico Casualty Company ("Ullico") was a Miller Act claim, which does not provide for the recovery of fees." (Doc. # 62 at 3). Nonetheless, the Court finds no clear error or manifest injustice to mandate modification.

Tarmac points out in its reply memorandum, "The Credit Agreement provides that '[s]hould it become necessary to place this account for collection, suit or *other legal proceedings*, Applicant agrees to pay all costs and expenses of collection suit or *other legal action*, including reasonable attorneys' fees.'" (Doc. # 71 at 2) (quoting Doc. # 33-2 at 2). Tarmac brought suit against Pro Way, Vollmer, *and* Ullico when Pro Way and Vollmer failed to pay for materials supplied by Tarmac. (Id. at 1). As such, it is reasonable to conclude that Tarmac's claims against Ullico are among the "other legal proceedings" contemplated in the Credit Agreement.

Pro Way and Vollmer also claim that the Miller Act – under which Tarmac's claims against Ullico arose – does not provide for the recovery of attorneys' fees, and so the Court is obligated to reduce the award of attorneys' fees to reflect the fees incurred prosecuting the Miller Act

8

claims. (Doc. # 62 at 6-7) (citing Caplan v. 1616 E. Sunrise Motors, Inc., 522 So. 2d 920, 922 (Fla. 3rd DCA 1988) ("[W]here . . . all the claims made against a defendant involve a common core of facts and are based on related legal theories, the award of attorney's fees should not be reduced in the absence of a showing that the defendant's attorneys spent a separate and distinct amount of time in defending a count upon which no attorney's fees were awardable.") (internal quotations omitted)).

The Miller Act does not, by its own terms, provide for attorneys' fees or interest. F. D. Rich Co., Inc. v. United States *ex rel.* Indus. Lumber Co., Inc., 417 U.S. 116, 126 (1974) ("Nor does the Miller Act explicitly provide for an award of attorneys' fees to a successful plaintiff."). However, the Eleventh Circuit has held that interest and attorneys' fees are recoverable from the contractor if they are provided for in the contract between the subcontractor and supplier. United States *ex rel.* Se. Mun. Supply Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, 876 F.2d 92, 93 (11th Cir. 1989) ("The question presented is whether, in an action where there is a contractual provision between a supplier . . . and a subcontractor . . . . for the recovery of attorney's fees, that provision is

9

enforceable under the Miller Act . . . against the contractor . . . and its surety . . . . This court answered the question in the affirmative in United States f/u/b/o Carter Equipment Co., Inc. v. H.R. Morgan, Inc., 554 F.2d 164 (5th Cir. 1977). And, we follow that holding."). Furthermore, several other circuits have upheld fee awards in Miller Act cases where the relevant contract provided for attorneys' fees. See, e.g., GE Supply v. C & G Enters., Inc., 212 F.3d 14, 19 (1st Cir. 2000); United States *ex rel.* Maddux Supply Co. v. St. Paul Fire & Marine Ins. Co., 86 F.3d 332, 336 (4th Cir. 1996); United States *ex rel.* Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir. 1989); United States *ex rel.* Carter Equip. Co. v. H.R. Morgan, Inc., 554 F.2d 164, 166 (5th Cir. 1977); D & L Constr. Co. v. Triangle Elec. Supply Co., 332 F.2d 1009, 1013 (8th Cir. 1964). Therefore, while Tarmac's Miller Act claims were voluntarily dismissed along with Ullico, those claims could have supported the recovery of attorneys' fees by appropriate pleading as outlined in Federal Rule of Civil Procedure 54 and Local Rule 4.18.

Accordingly, while the Court would certainly have considered Pro Way and Vollmer's objections to Tarmac's Motion for Attorneys' Fees and Costs, had those objections

been raised during the time period established in the Local Rules, the instant Motion does not demonstrate clear error or manifest injustice, but instead vents dissatisfaction with the Court's reasoning. Therefore, the Court denies the Amended Motion to Modify Order Granting Plaintiff's Motion for Attorney's Fees and Costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Pro Way Paving Systems, LLC and Robert Vollmer's Amended Motion to Modify Order Granting Plaintiff's Motion for Attorney's Fees and Costs (Doc. # 62) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record