UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FOR USE OF
TARMAC AMERICA, LLC,

    Plaintiff,

v.                         Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS,
LLC, ET AL.,

    Defendants.
_____/

## ORDER

    This cause is before the Court pursuant to Defendant Ullico Casualty Company, Intervenor-Plaintiff R. A. Connelly, Defendant Robert Vollmer, and Defendant / Cross-Plaintiff Pro Way Paving Systems, LLC's Joint Motion to Stay Proceedings or in the Alternative, Motion for Leave to Propose Modified Scheduling Order (Doc. # 65), filed on March 22, 2013. Plaintiff, United States for Use of Tarmac America, LLC filed its response in opposition to the Motion (Doc. # 70) on April 4, 2013. For the reasons that follow, the Court grants the Motion.

## I.  Background and Procedural History

    In September of 2010, R.A. Connelly, Inc. contracted with the Department of the Air Force 6th Mobility Wing for

multiple construction projects at MacDill Air Force Base. (Doc. # 35-1). Connelly obtained two payment bonds from Ullico Casualty Company on September 23, 2010. (Doc. ## 33-1, 35-3). Pro Way, Vollmer, and Tarmac allege that the bonds were executed pursuant to 40 U.S.C. § 3131, known as the Miller Act. (Doc. ## 33 at 2, 36 at 7-8). Connelly subcontracted with Pro Way for a portion of the work at the base. (Doc. # 35-2). Pro Way, in turn, contracted with Tarmac to supply materials to Pro Way for use on the MacDill projects. (Doc. ## 33-2, 33-3, 33-4). Vollmer, Pro Way's manager (Vollmer Aff. Doc. # 41-1 at ¶ 1), signed the credit agreement between Tarmac and Pro Way (Doc. # 33-2) and guaranteed Pro Way's payment obligation to Tarmac (Doc. # 33 at ¶ 14).

Tarmac initiated this action against Pro Way, Vollmer, and Ullico on April 20, 2012 (Doc. # 1), and filed an amended complaint against the same on August 15, 2012 (Doc. # 33). The amended complaint alleged five counts: Count I was brought against Ullico; Counts II, IV, and V were stated against Pro Way; and Count III alleged a claim against Vollmer. (Id. # 33).

Tarmac filed a Motion for Summary Final Judgment on October 4, 2012 (Doc. # 38), and on December 5, 2012,

Tarmac filed a notice of voluntary dismissal with prejudice of its claims against Ullico (Doc. # 45). However, Pro Way has filed a cross-claim against Ullico (Doc. # 36), therefore Ullico is still a party in this action. The Court granted Connelly's Unopposed Motion to Intervene as Plaintiff on December 11, 2012. (Doc. # 48). Connelly filed his intervener's Complaint against Pro Way on December 11, 2012. (Doc. # 49). Pro Way answered the intervener Complaint and counterclaimed against Connelly on December 24, 2012. (Doc. # 52).

On January 18, 2013, the Court granted Tarmac's Motion for Summary Judgment, declined to certify the judgment as final under Federal Rule of Civil Procedure 54(b), and further held that Tarmac was permitted to file motions regarding costs, prejudgment interest, and/or attorneys' fees within fourteen days of the Order. (Doc. # 54). On March 4, 2013, the Court granted attorneys' fees and costs to Tarmac (Doc. # 59), and on May 9, 2013, the Court denied Defendants Pro Way and Vollmer's Amended Motion to Modify Order Granting Motion for Fees (Doc. # 75).

On March 22, 2013, Ullico, Connelly, Vollmer, and Pro Way filed the instant joint Motion to Stay Proceedings or

in the Alternative, Motion for Leave to Propose Modified
Scheduling Order. (Doc. # 65). Plaintiff, United States for
Use of Tarmac America, LLC filed its response in opposition
to the Motion (Doc. # 70) on April 4, 2013.

## II.   **Discussion**

In their Motion to Stay Proceedings, Ullico, Connelly,
Vollmer, and Pro Way state:

> 1.   On March 11, 2013, the Court of Chancery of
> the State of Delaware in the case entitled *State
> of Delaware ex rel v. Ullico Casualty Company,
> Case Number 8392-VCG* entered a Rehabilitation and
> Injunction Order . . . , which declared, *inter
> alia*, that Defendant Ullico Casualty Company is
> "impaired insolvent, in unsound condition, and in
> such condition as to render its further
> transaction of insurance presently or
> prospectively hazardous to its policyholders."
> *See* Exhibit A.
>
> 2.   The Order further states, in Para. 10, that
> "all officers, directors, agents, servants, and
> employees of [Defendant Ullico Casualty Company],
> and all other persons and entities having notice
> of these proceedings or of this Order, are hereby
> prohibited from instituting or further
> prosecuting any action at law or in equity or in
> other proceedings against [Defendant Ullico
> Casualty Company], . . . or from obtaining
> preferences, judgments, attachments, or other
> like liens or encumbrances, or foreclosing upon
> or making any levy against [Defendant Ullico
> Casualty Company] or the Assets, or exercising
> any right adverse to the right of [Defendant
> Ullico Casualty Company] to or in the Assets . .
> . ." *Id.*

(Doc. # 65 at ¶¶ 1-2) (quoting Doc. # 65-1 at ¶¶ 1, 10).

Furthermore, Ullico, Connelly, Vollmer, and Pro Way note that "By virtue of the [Rehabilitation and Injunction] Order, counsel for Defendant Ullico . . . is effectively enjoined from further participation in this action . . . ." (Id. at ¶ 3). The moving parties' points are well-taken.

"A variety of circumstances may justify a district court stay pending the resolution of a related case in another court. A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (citing Clinton v. Jones, 520 U.S. 681, 706 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket")). The Court will exercise its broad discretion now and stay the proceedings.

Tarmac opposes the Joint Motion to Stay Proceedings "to the extent it seeks to stay Plaintiff's claims against Pro Way and Vollmer." (Doc. # 70 at ¶ 6). In its response to the Motion to Stay Proceedings, Tarmac states, "Plaintiff submits that its causes of action against Pro Way and Vollmer should not be stayed and the judgment should be certified as final because there is no pay-when-

paid clause in the contract between Tarmac, Pro Way and Vollmer." (Id. at ¶ 8).

Federal Rule of Civil Procedure 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) certifications are "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

However, "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-66 (11th Cir. 1997) (internal quotation omitted). "Recognizing that such circumstances will be encountered only rarely," the Eleventh Circuit has "counseled district courts to exercise the limited

discretion afforded by Rule 54(b) conservatively." Id.
(citing Southeast Banking Corp. v. Bassett, 69 F.3d 1539,
1550 (11th Cir. 1995)).

In its Order granting Summary Judgment to Tarmac, the
Court stated:

> Pro Way (and Vollmer as Pro Way's manager
> and guarantor) is a subcontractor who provided
> labor and material for a federal project. (Doc. #
> 35-2). Through its contract with Pro Way, Tarmac
> is a supplier who provided labor and materials
> for a federal project. (Doc. ## 33 at ¶ 16, 33-2,
> 33-3, 36 at ¶ 16). As such, to the extent that
> the projects are subject to the Miller Act, both
> Pro Way (including Vollmer) and Tarmac are
> equally entitled to the protections afforded by
> the Miller Act. The Court balances such equitable
> concerns with judicial administrative interests
> when determining if there is just reason to delay
> a Rule 54(b) certification. Ebrahimi, 114 F.3d at
> 165-66. The Court notes that the Miller Act
> protections in question are necessarily related
> to pending cross-claims and intervener's claims
> involving Connelly as contractor and Ullico as
> surety. (Doc. ## 36, 49).

(Doc. # 54 at 8-9, 10-11). Accordingly, the Court held,
"The limited discretion afforded by Rule 54(b) should be
exercised conservatively, and the Court declines to
exercise it now." (Id. at 11) (internal quotation and
citation omitted).

Although staying the proceedings may alter Tarmac's
anticipated timeline for this case, the Court's just
reasons to delay certifying judgment as final, articulated

in its Order granting Tarmac summary judgment, still hold true. Therefore, the Court declines to certify judgment for Tarmac as final pursuant to Rule 54(b).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Ullico Casualty Company, Intervenor-Plaintiff R. A. Connelly, Defendant Robert Vollmer, and Defendant / Cross-Plaintiff Pro Way Paving Systems, LLC's joint Motion to Stay Proceedings or in the Alternative, Motion for Leave to Propose Modified Scheduling Order (Doc. # 65) is **GRANTED.**

(2) The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this case until such a time as the Insurance Commissioner for the State of Delaware provides permission for Defendant Ullico Casualty Company to proceed with this matter or until there is a revision of the Rehabilitation and Injunction Order entered March 11, 2013, by the Court of Chancery of the State of Delaware in the case entitled _State of Delaware ex rel._ v. _Ullico Casualty Company_, No. 8392-VCG, entitling Defendant Ullico Casualty Company to prosecute this claim.

(3)   The parties are directed to file a joint status report within 90 days of the date of this Order informing the Court of the status of the Delaware Court of Chancery proceedings, and thereafter the parties shall continue to file joint status reports every 90 days until the proceedings are completed or the Defendant Ullico Casualty Company is otherwise entitled to prosecute this claim.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2013.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:  All Counsel of Record

9