UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FOR USE OF
TARMAC AMERICA, LLC,

     Plaintiff,

v.                                      Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS,
LLC, ET AL.,

     Defendants.
_____/

**ORDER**

     Now before the Court is Defendant Ullico Casualty
Company and Intervenor-Plaintiff R.A. Connelly's Motion for
a Permanent Stay of Proceedings. (Doc. # 79). Defendant /
Cross-Plaintiff Pro Way Paving Systems, LLC and Defendant
Robert Vollmer responded to the Motion on August 26, 2013.
(Doc. # 81). Plaintiff, United States for Use of Tarmac
America, LLC failed to respond to the Motion, and the time
for such a response has now passed. For the reasons that
follow, the Court denies the Motion.

**I.**    **Background and Procedural History**

     In September of 2010, R.A. Connelly, Inc. contracted
with the Department of the Air Force 6th Mobility Wing for
multiple construction projects at MacDill Air Force Base.

(Doc. # 35-1). Connelly obtained two payment bonds from Ullico Casualty Company on September 23, 2010. (Doc. ## 33-1, 35-3). Pro Way, Vollmer, and Tarmac allege that the bonds were executed pursuant to 40 U.S.C. § 3131, known as the Miller Act. (Doc. ## 33 at 2, 36 at 7-8). Connelly subcontracted with Pro Way for a portion of the work at the base. (Doc. # 35-2). Pro Way, in turn, contracted with Tarmac to supply materials to Pro Way for use on the MacDill projects. (Doc. ## 33-2, 33-3, 33-4). Vollmer, Pro Way's manager (Vollmer Aff. Doc. # 41-1 at ¶ 1), signed the credit agreement between Tarmac and Pro Way (Doc. # 33-2) and guaranteed Pro Way's payment obligation to Tarmac (Doc. # 33 at ¶ 14).

Tarmac initiated this action against Pro Way, Vollmer, and Ullico on April 20, 2012 (Doc. # 1), and filed an Amended Complaint against the same on August 15, 2012 (Doc. # 33). The Amended Complaint alleged five counts: Count I was brought against Ullico; Counts II, IV, and V were stated against Pro Way; and Count III alleged a claim against Vollmer. (Id.).

Tarmac filed a Motion for Summary Final Judgment on October 4, 2012 (Doc. # 38), and on December 5, 2012, Tarmac filed a notice of voluntary dismissal with prejudice

of its claims against Ullico (Doc. # 45). However, Pro Way
has filed a cross-claim against Ullico (Doc. # 36),
therefore Ullico is still a party in this action. The Court
granted Connelly's Unopposed Motion to Intervene as
Plaintiff on December 11, 2012. (Doc. # 48). Connelly filed
his intervener's Complaint against Pro Way on December 11,
2012. (Doc. # 49). Pro Way answered the intervener
Complaint and counterclaimed against Connelly on December
24, 2012. (Doc. # 52).

On January 18, 2013, the Court granted Tarmac's
Motion for Summary Judgment and declined to certify the
judgment as final under Federal Rule of Civil Procedure
54(b). (Doc. # 54). On March 4, 2013, the Court granted
attorneys' fees and costs to Tarmac (Doc. # 59), and on May
9, 2013, the Court denied Defendants Pro Way and Vollmer's
Amended Motion to Modify Order Granting Motion for Fees
(Doc. # 75).

On March 22, 2013, Ullico, Connelly, Vollmer, and Pro
Way filed a joint Motion to Stay Proceedings or in the
Alternative, Motion for Leave to Propose Modified
Scheduling Order, stating:

> 1.  On March 11, 2013, the Court of Chancery of
> the State of Delaware in the case entitled *State
> of Delaware ex rel v. Ullico Casualty Company,*

*Case Number 8392-VCG* entered a Rehabilitation and
Injunction Order . . . , which declared, *inter
alia*, that Defendant Ullico Casualty Company is
"impaired insolvent, in unsound condition, and in
such condition as to render its further
transaction of insurance presently or
prospectively hazardous to its policyholders."
*See* Exhibit A.

2.    The Order further states, in Para. 10, that
"all officers, directors, agents, servants, and
employees of [Defendant Ullico Casualty Company],
and all other persons and entities having notice
of these proceedings or of this Order, are hereby
prohibited from instituting or further
prosecuting any action at law or in equity or in
other proceedings against [Defendant Ullico
Casualty Company], . . . or from obtaining
preferences, judgments, attachments, or other
like liens or encumbrances, or foreclosing upon
or making any levy against [Defendant Ullico
Casualty Company] or the Assets, or exercising
any right adverse to the right of [Defendant
Ullico Casualty Company] to or in the Assets . .
. ." *Id.*

(Doc. # 65 at ¶¶ 1-2) (quoting Doc. # 65-1 at ¶¶ 1, 10).

Ullico, Connelly, Vollmer, and Pro Way further noted that

"By virtue of the [Rehabilitation and Injunction] Order,

counsel for Defendant Ullico . . . is effectively enjoined

from further participation in this action" at this time.

(Id. at ¶ 3).  On May 9, 2013, the Court granted the joint

Motion to Stay Proceedings and directed the Clerk to stay

and administratively close the case "until such a time as

the Insurance Commissioner for the State of Delaware

provides permission for Defendant Ullico Casualty Company

4

to proceed with this matter or until there is a revision of the Rehabilitation and Injunction Order . . . entitling Defendant Ullico Casualty Company to prosecute this claim." (Doc. # 76 at 8). The parties were further directed to file status reports with the Court every ninety days. (Id. at 9).

In a status report dated August 7, 2013, the parties notified the Court that "following the March 27, 2013, Rehabilitation and Injunction Order, the Court of Chancery of the State of Delaware issued a *Liquidation* and Injunction Order with Bar Date, dated May 30, 2013, with respect to Ullico." (Doc. # 77 at ¶ 1) (emphasis added). Pointing to paragraph eleven of the Liquidation and Injunction Order, the parties state that "the Chancery Court of the State of Delaware has *permanently* enjoined all parties and their counsel in the instant action from further prosecuting any claims against Ullico." (Id. at ¶ 3) (emphasis added). Similarly, the parties claim that "[b]y virtue of Paragraph 13 of the Liquidation and Injunction Order, the Chancery Court of Delaware has enjoined all parties and their counsel in the instant action from making any claims against Ullico and has further directed that any such claims be made in the

5

liquidation proceedings of Ullico pending before the Chancery Court." (Id. at ¶ 5). Finally, the parties informed the Court that pursuant to "Paragraph 14 of the Liquidation [and Injunction] Order, each and every surety bond issued by Ullico which might be relevant to the instant action were cancelled and terminated as of June 30, 2012." (Id. at ¶ 10).

In light of the parties' representation that all claims against Ullico – including the federal Miller Act claim – are permanently barred from proceeding in this Court, the Court directed the parties to "advise the Court as to how they wish to proceed in this action." (Doc. # 78). Ullico and Connelly responded by filing the instant Motion for a Permanent Stay of Proceedings. (Doc. # 79). Pro Way and Vollmer responded to the Court's Order on August 16, 2013, stating that they wished to "proceed in this Court with the claims against . . . Connelly," although "the Delaware court's injunction has the effect of removing Ullico as a party." (Doc. # 80 at 1, 2). Pro Way and Vollmer make similar statements in their response to the Motion for a Permanent Stay of Proceedings, filed on August 26, 2013. (Doc. # 81). Plaintiff United States for

Use of Tarmac America, LLC failed to respond to either the Court's Order or Ullico and Connelly's Motion.

## II.  **Discussion**

Pursuant to 18 Del. C. §§ 5905, 5906, and 5910(b), the Insurance Commissioner of the State of Delaware, in her capacity as the Receiver of Ullico, requested the entry of the Liquidation and Injunction Order as to Ullico and, pursuant to its power under the same statutes, the Delaware Court of Chancery entered the requested Order. (Doc. # 79-2). As summarized by Ullico and Connelly, "the Liquidation Order (1) enjoined all parties and their counsel in the instant action from making any claims against Ullico; (2) directed that any such claims be made in the liquidation proceedings of Ullico pending before the Chancery Court; and (3) cancelled and terminated each and every surety bond issued by Ullico which might be relevant to the instant action as of June 30, 2013. (Doc. # 79 at 4-5).

While this Court does not dispute the Delaware Court of Chancery's ability to "direct[] the Commissioner to liquidate the business of a domestic insurer" under 18 Del. C. § 5906, the claims central to this action are federal Miller Act claims. Federal district courts have exclusive jurisdiction over Miller Act claims. See 40 U.S.C. § 3133.

As such, despite the instructions in the Liquidation and Injunction Order, the Miller Act claims involving Ullico may not be brought in the liquidation proceedings pending before the Delaware Court of Chancery.

In <u>United States, for the use and benefit of ACCA Construction Services, LLC v. F.A.S. Development Co., Inc.</u>, 304 F. Supp. 2d 1359 (N.D. Ga. 2004), a district court in the Northern District of Georgia considered factual and procedural circumstances very similar to those now before this Court. In <u>ACCA Construction</u>, a construction company brought a Miller Act suit seeking to recover on a payment bond issued by a surety for a development company. <u>Id.</u> at 1360. After the suit was filed, the North Carolina Insurance Commissioner took control of the surety pursuant to a statutory rehabilitation process. <u>Id.</u> The North Carolina statute governing rehabilitation and liquidation of insurance companies prohibited the further prosecution of actions against the surety, and the General Court of Justice, Superior Court Division, Wake County, North Carolina issued an order of rehabilitation and preliminary injunction providing that "any and all pending actions against [the surety] are hereby stayed effective the date of this Order." <u>Id.</u>

Considering a motion to stay the proceedings, the district court in ACCA Construction noted that there are a "number of cases in which federal courts have honored state court injunctions when the state courts are engaged in insurance liquidation proceedings." Id. However, only a few cases address the precise issue presented in both ACCA Construction and the instant cause, "where the action pending in federal court is a claim pursuant to the Miller Act." Id. The ACCA Construction court considered several such cases: U.S. ex rel. Bernard Lumber Co., Inc. v. Lanier-Gervais Corp., 896 F.2d 162 (5th Cir. 1990), U.S. ex rel. Safeway Steel Products, Inc. v. PI Construction Corp., No. CIV. A. 01-0117, 2002 WL 818075 (E.D. La. Apr. 26, 2002), and U.S. ex rel. Pittman Mechanical Contractors, Inc. v. Irvine & Assocs., Inc., 645 F. Supp. 845 (E.D. Va. 1986). An examination of those cases may be summarized as follows:

> Though the decisions cited by the parties reach
> different conclusions, they agree on at least two
> essential principles: federal district courts
> have exclusive jurisdiction over Miller Act
> claims, and at some point, a federal district
> court must decide such a claim. Yet the courts
> diverge as to when the Miller Act proceeding
> should take place in a way that cannot be
> reconciled. Following Pittman, the Court would
> conclude that the rehabilitation court's
> injunction can be ignored, and this case can

proceed without delay. Following Safeway, the
Court would conclude that consideration should be
given to the rehabilitation proceeding such that
the rehabilitator would be given an opportunity
to consider lifting the injunction for the Miller
Act proceeding. Safeway leaves open the question
of what action this Court should take if the
rehabilitator elects not to lift the injunction.
Following Bernard, the Court would conclude that
the rehabilitation court's injunction should be
given full faith and credit, and this action
should be stayed until the liquidation proceeding
is completed. However, the procedure suggested by
Bernard leaves even more unanswered questions
than Safeway.

ACCA Construction, 304 F. Supp. 2d at 1363.

Ultimately, the court in ACCA Construction held that
"wise judicial administration require[d] that th[e] case be
permitted to proceed" at that time. Id. The court reasoned
that "[a]llowing the case to proceed permits [the
p]laintiff to have its Miller Act claim adjudicated in the
only forum authorized to do so." Id.

This Court is in agreement with the court's rationale
in ACCA Construction. Claims brought pursuant to the Miller
Act must be resolved in federal courts and, for that
reason, staying the proceedings permanently in
consideration of the Delaware liquidation proceedings
would, in effect, bar the Miller Act claims from being
adjudicated at all. A permanent stay of the claims against
Ullico would result in a de facto dismissal of the claims

against Ullico. Although the Court certainly encourages the parties to cooperate with one another and, if possible, to reach an agreement regarding the claims, the Court declines to permanently stay or tacitly dismiss proceedings which may only take place in a federal district court. "If the Court stayed this action . . . the parties would still have to litigate these issues before this Court as was required in Bernard" and contemplated in ACCA Construction, or they would have to forsake the claims entirely. Id. at 1364.

Furthermore, the Court also finds that denying the Motion for a Permanent Stay of Proceedings does not violate notions of comity or federalism. The Court need only decide "the issue that must be decided by this Court, the amount of [the Miller Act] claim." Id. As such, these proceedings will not "invade the province of the rehabilitator who must decide on the proper distribution of the assets of" Ullico. Id. Instead, the "[e]stablishment of [the Miller Act] claim should facilitate the liquidation process. The rehabilitator will have the benefit of [the] claim being an established amount rather than a contested amount which the liquidator is not empowered to resolve." Id. Accordingly, the Court will lift the stay on this case and return it to active status.

The Case Management and Scheduling Order (Doc. # 19) for this action was issued before Pro Way filed its Miller Act cross claim against Ullico, Connelly intervened in this action (Doc. # 49), or Pro Way asserted its cross claims against Connelly (Doc. # 52). Additionally, the September 2013 trial term originally anticipated by the Case Management and Scheduling Order has now passed. For those reasons, an Amended Case Management and Scheduling Order will be issued in this case. The Court is cognizant that declining to stay this matter may result in questions regarding what actions the parties can take without violating the Delaware Liquidation and Injunction Order. Recognizing this dilemma, and in the interests of comity, the Court will set this case for the August 2014 trial term, thus allowing Ullico to attempt to obtain authority to pursue settlement negotiations or to prepare for trial on the Miller Act claim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Ullico Casualty Company and Intervenor-Plaintiff R.A. Connelly's Motion for a Permanent Stay of Proceedings (Doc. # 79) is **DENIED.**

(2)   The Clerk is directed to **LIFT THE STAY** and to return this case to active status.

(3)   The Clerk is directed to enter an Amended Case Management and Scheduling Order extending the deadlines for this action and setting this case for the August 2014 trial term.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record