```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TARMAC AMERICA, LLC,

       Plaintiff,

v.                                    Case No. 8:12-cv-867-T-33EAJ

PRO WAY PAVING SYSTEMS,
LLC, ET AL.,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant Pro Way Paving Systems, LLC and Robert Vollmer's Motion for Final Default Judgment Against Intervenor Plaintiff R.A. Connelly, Inc. (Doc. # 116). For the reasons set forth below, the Motion is denied without prejudice.

**Discussion**

    Plaintiff Tarmac America, LLC initiated this action against Pro Way, Vollmer, and Ullico Casualty Company on April 20, 2012 (Doc. # 1), and filed an Amended Complaint against the same on August 15, 2012 (Doc. # 33). The Amended Complaint alleged five counts: Count I was brought against Ullico; Counts II, IV, and V were stated against Pro Way; and Count III alleged a claim against Vollmer. (Id.).

The Court granted R.A. Connelly's Unopposed Motion to Intervene as Plaintiff on December 11, 2012. (Doc. # 48). R.A. Connelly filed its Intervenor Complaint against Pro Way on December 11, 2012. (Doc. # 49). Pro Way answered the Intervenor Complaint and alleged counterclaims against R.A. Connelly on December 24, 2012. (Doc. # 52). R.A. Connelly filed its Answer and Affirmative Defenses to Pro Way's counterclaims on January 17, 2013. (Doc. # 53).

As a result of R.A. Connelly failing to file a notice of appearance of counsel in the time directed by the Court, Pro Way and Vollmer filed a Motion for Sanctions on March 12, 2014 (Doc. # 109), seeking to strike R.A. Connelly's pleadings from the record; specifically R.A. Connelly's Intervenor Complaint (Doc. # 49) and R.A. Connelly's Answer and Affirmative Defenses to Pro Way's counterclaims (Doc. # 53).

R.A. Connelly failed to file a response to the Motion in the time provided by Local Rule 3.01(b) and Rule 6(d), Fed. R. Civ. P. Accordingly, the Court considered the Motion for Sanctions as unopposed. Upon due consideration of the Motion and the record before the Court, the Court granted the Motion for Sanctions to the extent R.A. Connelly's pleadings were stricken from the record, which included R.A. Connelly's Intervenor Complaint (Doc. # 49) and R.A. Connelly's Answer

and Affirmative Defenses to Pro Way's counterclaims (Doc. # 53).

Upon the filing of an appropriate motion, the Clerk of the Court issued its Entry of Default against R.A. Connelly on April 17, 2014. (Doc. # 114). Thereafter, on April 18, 2014, this Court entered an Order advising Pro Way that it should move forward without delay in seeking a default judgment against R.A. Connelly in an effort to bring this matter toward its final resolution. (Doc. # 115); see Local Rule 1.07(b), M.D. Fla.

That same day, Pro Way and Vollmer filed the present Motion. (Doc. # 116). However, the Motion is devoid of any legal authority or factual allegations demonstrating Pro Way and Vollmer's entitlement to default judgment against R.A. Connelly. Pro Way and Vollmer are not entitled to the entry of default judgment because a default has been entered against R.A. Connelly. Rather, Pro Way and Vollmer must establish that the factual allegations in the counterclaims are sufficient, under governing law, to establish that R.A. Connelly is liable for the alleged violations. To satisfy this burden, Pro Way and Vollmer must support their Motion with a legal memorandum stating the elements of the alleged violations and citing to the relevant facts alleged that

establish each element of the counterclaims. See Local Rule 3.01(a), M.D. Fla. (requiring that all motions or other applications for an order shall include a memorandum of authority in support of the request); Stevens v. ACR Sales & Serv., Inc., No: 6:08-cv-421-ORL-31KRS, 2008 WL 2275529, at *1 (M.D. Fla. May 31, 2008).

Further, the Court notes that both Pro Way and Vollmer filed the present Motion. However, the counterclaims filed against R.A. Connelly were filed by only Pro Way. Accordingly, if Pro Way and Vollmer are inclined to collectively file a renewed motion for final default judgment, they are directed to advise this Court as to why both parties are bringing the motion against R.A. Connelly when only one party filed the relevant counterclaims.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Pro Way Paving Systems, LLC and Robert Vollmer's Motion for Final Default Judgment Against Intervenor Plaintiff R.A. Connelly, Inc. (Doc. # 116) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record